IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCOS ESTRADA, on behalf of himself and all other persons similarly situated, known and unknown,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>THE LIBERTYVILLE PICNIC BASKET, INC., and AHMED AMIN,<br><br>　　　　　　　Defendant. | No.<br><br>Judge |

**COMPLAINT**

Plaintiff, Marcos Estrada (hereafter "Plaintiff"), on behalf of himself and all other persons similarly situated, known and unknown, in support of his Complaint against Defendant The Libertyville Picnic Basket, Inc. ("Picnic Basket") and Ahmed Amin ("Amin"), individually, (Picnic Basket and Amin are collectively referred to as "Defendants"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.　This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), for Defendants' failure to pay Plaintiff and other similarly situated employees earned minimum and overtime wages. Plaintiff also brings individual claims under the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), for Defendants' failure to pay him overtime wages and minimum wages as required by that statute.

2.　Plaintiff and other similarly-situated, current and former employees worked for Defendants at Defendants' restaurant, The Picnic Basket.

3.　Defendants paid Plaintiff an hourly rate of pay for the hours he worked up to forty (40) hours a week.

1

4. Defendants paid Plaintiff no wages for the time he worked in excess of forty (40) hours a week as a cook in Defendants' restaurant.

5. The hours Defendants paid Plaintiff for working and the wages Plaintiff received for working those hours resulted in Plaintiff being paid a regular rate of pay that equated to a rate below the minimum hourly wage under the provisions of the IMWL and the FLSA.

6. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff's consent form to act as representative party plaintiff in this FLSA overtime lawsuit is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's FLSA claims, arising under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2), as the events and omissions giving rise to this action occurred in this district.

9. This Court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to 28 U.S.C. § 1367.

## THE PARTIES

10. Plaintiff resides in and is domiciled in this judicial district.

11. Defendant Picnic Basket is an Illinois corporation that operates a restaurant located at 501 N. Milwaukee Avenue, Libertyville, IL 60048.

12. Defendant Picnic Basket is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

13. Defendant Picnic Basket is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

14. During the course of his employment with Picnic Basket, Plaintiff handled goods, including perishable food products that moved in interstate commerce.

15. Defendant Picnic Basket was Plaintiff's "employer" as that term is defined by Section 3(d) the FLSA, 29 U.S.C. § 203(d), and by the IMWL, 820 ILCS 105/3(c).

16. Plaintiff was an "employee" of Defendant Picnic Basket as that term is defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e)(1), and by the IMWL, 820 ILCS 105/3(d).

17. Defendant Amin is an owner and President of the Picnic Basket.

18. Defendant Amin has the authority to hire and fire employees of the Picnic Basket.

19. Defendant Amin has the authority to set employee compensation rates at the Picnic Basket.

20. Defendant Amin was Plaintiff's "employer" as that term is defined by Section 3(d) the FLSA, 29 U.S.C. § 203(d), and by the IMWL, 820 ILCS 105/3(c).

21. Plaintiff was an "employee" of Defendant Amin as that term is defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e)(1), and by the IMWL, 820 ILCS 105/3(d).

## FACTUAL BACKGROUND

22. Plaintiff began working for Defendants in approximately 2005.

23. Plaintiff's employment with Defendants ended on April 23, 2018.

24. Plaintiff worked for Defendants as a cook.

25. While working as a cook for Defendants, Defendants paid Plaintiff an hourly rate of pay for the work he performed as a cook in Defendants' restaurant.

26. Between September 2015 and April 2018, Defendants paid Plaintiff a rate of $10.00 an hour for up to forty (40) hours he worked in a workweek as a cook in Defendant's restaurant.

27. Between September 2015 and April 2018, Defendants paid Plaintiff no wages for the hours he worked over forty (40) hours in a workweek as a cook in Defendants' restaurant.

28. For example, for the work week ending October 14, 2017, Plaintiff worked 50.89 hours for Defendants. See Group Exhibit B.

29. For the work week ending October 14, 2017, Defendants paid Plaintiff $10.00 an hour for 40 hours of work, or a total of $400. See Exhibit C.

30. Defendants paid Plaintiff no wages for the 10.89 overtime hours he worked in the work week ending October 14, 2017.

31. The full applicable minimum wage in the State of Illinois has been $8.25 per hour since January 1, 2011.

32. By paying Plaintiff $400.00 for the 50.89 hours of work he worked as a cook in Defendants' restaurant in the work week ending October 14, 2017, Plaintiff's wages dropped below the applicable minimum wage ($400/50.89 hours = $7.86 an hour).

33. Between the months of April and August, and in the month of December, Plaintiff worked catering job for Defendants at locations outside of Defendants' restaurant.

34. The catering jobs Plaintiff performed varied in frequency between a couple times a month to a couple times a week.

35. Defendants paid Plaintiff between $100 and $120 for each catering job he performed.

36. In one or more individual work weeks during the three years prior to the filing of this Complaint, Plaintiff worked in excess of forty (40) hours per week.

37. Defendants did not pay Plaintiff one and one-half times his regular rate of pay for the time worked in excess of forty (40) hours during individual work weeks.

38. Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants have failed to pay them all overtime wages for work performed in excess of forty (40) hours per week.

39. Defendants did not pay Plaintiff at least the applicable minimum wage rate for all time worked during individual work weeks in the last three (3) years.

40. Defendants failed to pay other similarly situated employees at least the applicable minimum wage rate for all time worked during individual work weeks in the last three (3) years.

## COUNT I
### Violation of the Fair Labor Standards Act – Minimum Wages
### Collective Action Under 29 U.S.C. §216(b)

Plaintiff hereby realleges and incorporates paragraphs 1 through 40 of this Complaint, as if fully set forth herein.

41. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §206, for its failure to pay Plaintiff and other similarly-situated employees minimum wages.

42. Defendants required Plaintiff to work more than forty (40) hours a week as a cook in Defendants' restaurant, but Defendants only paid Plaintiff for the hours he worked up to 40 in a week as a cook in Defendants' restaurant.

43. Because Defendants did not pay Plaintiff for all hours he worked, Plaintiff's regular rate of pay dropped below the required minimum wage.

44. In one or more work weeks during the prior three years, the wages Defendants paid to Plaintiff did not satisfy the applicable minimum wage.

45. Defendants' practices violated the minimum wage provisions of the FLSA.

46. Defendants willfully violated the minimum wage provisions of the FLSA.

47. Plaintiff and similarly situated employees of Defendants are entitled to recover unpaid minimum wages for a period of three years because Defendants' violations of the FLSA were willful.

WHEREFORE, Plaintiff, for himself and on behalf of all similarly-situated employees, prays for judgment against Defendants as follows:

A. A judgment in the amount of the unpaid minimum wages due to Plaintiff and similarly-situated employees for all time worked;

B. Liquidated damages in an amount equal to the unpaid minimum wages;

C. Reasonable attorneys' fees;

D. Costs incurred in filing and prosecuting this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Minimum Wages
### (Plaintiff Individually Only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 47 of this Complaint as if fully set forth herein.

48. This count arises from Defendants' failure to pay Plaintiff earned minimum wages in violation of the Illinois Minimum Wage Law, 820 ILCS 105/4.

49. During one or more work weeks in the last three years, Defendants required Plaintiff to work more than forty (40) hours a week as a cook in Defendants' restaurant but only paid Plaintiff for working up to forty (40) hours a week as a cook in Defendants' restaurant.

50. Because Plaintiff received no wages for the overtime hours he worked, Plaintiff's regular rate of pay dropped below the required minimum wage rate.

51. Defendants' practices violated the minimum wage provisions of the IMWL.

52. Plaintiff is entitled to recover unpaid minimum wages for a period of three years.

53. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover his unpaid minimum wages, plus statutory penalties in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. A judgment in the amount of the owed minimum wages due to Plaintiff for all time worked;

B. Statutory penalties on the back wages owed in accordance with 820 ILCS 105/12;

C. Reasonable attorneys' fees;

D. Costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act - Overtime Wages
### (Plaintiff on his own behalf and on behalf of similarly situated employees)

Plaintiff hereby realleges and incorporates paragraphs 1 through 53 of this Complaint, as if fully set forth herein.

54. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff for the time he worked in excess of forty (40) hours per week.

55. In one or more individual work week during his employment by Defendants, Plaintiff worked in excess of forty (40) hours per week.

56. Defendants did not pay Plaintiff one and one-half times his regular rate of pay for the time he worked in excess of forty (40) hours during individual work weeks.

57. Defendants did not pay Plaintiff any wages for the time he worked in excess of forty (40) hours during individual work weeks.

58. Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants failed to pay them all overtime wages for work performed in excess of forty (40) hours per week.

59. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular rate of pay.

60. Pursuant to 29 U.S.C. § 207, for all weeks during which other similarly-situated employees worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

61. Defendants' failure to pay overtime wages to Plaintiff for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

62. Defendants' failure to pay overtime wages to other similarly situated employees for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

63. Defendants' failure to pay overtime wages for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of owed overtime wages due to Plaintiff and similarly situated employees for the hours they worked in excess of forty (40) in individual workweeks;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees;

D.      Costs incurred in filing and prosecuting this action; and

E.      Such other and further relief as this Court deems appropriate and just.

### COUNT IV
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Plaintiff individually only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 63 of this Complaint, as if fully set forth herein.

64.    This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

65.    The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

66.    Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular rate of pay for time he worked in excess of forty (40) hours per week.

67.    During his employment with Defendants, Plaintiff worked in excess of forty (40) hours in one or more individual work weeks.

68.    Defendants violated the Illinois Minimum Wage Law by failing to compensate Plaintiff at one and one-half times his regular rate of pay for time worked in excess of forty (40) hours per week.

69.    Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus statutory penalties in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of owed overtime wages due to Plaintiff for the hours he worked in excess of forty (40) hours in individual workweeks;

B. Statutory penalties in the amount of two percent (2%) per month of the amount of under-payment for each month following the date of under-payment, as provided for by 820 ILCS 105/12(a);

C. Reasonable attorneys' fees;

D. Costs incurred in filing and prosecuting this action; and

E. Such other and further relief as this Court deems appropriate and just.

                Respectfully submitted,

Dated: September 27, 2018       s/Maureen A. Salas
                One of Plaintiff's Attorneys


Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Werman Salas, P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiff